## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:08cv274

| | | |
|---|---|---|
| PASQUALE RICCI and wife,<br>KATHY RICCI, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **ROSEBORO** |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **SUPERIOR MOVING &**<br>**STORAGE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. Having initially considered defendant's motion and reviewed the pleadings, the court enters the following Order.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiffs, who are proceeding *pro se*, are cautioned that defendant has asked this court to dismiss their Complaint as a matter of law, arguing that a claim has not been stated. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In this case, the moving defendant contends that no cause has been stated because all of their state law claims have been preempted under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

Plaintiffs are advised that they have until **JULY 21, 2008**, to file a written response to defendant's motion and send a copy of such response to counsel for

defendant. Failure to file a written response may result in this action being summarily dismissed. Finally, plaintiffs are advised that complicated legal issues arise in cases such as this and that their legal interests are best protected when they retain an attorney.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs respond to defendant's Motion to Dismiss not later than **July 21, 2008.**

Signed: July 3, 2008

Dennis L. Howell
United States Magistrate Judge