**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv274**

| | |
|---|---|
| PASQUALE RICCI and wife,<br>KATHY RICCI, )<br>)<br>Plaintiffs, )<br>_____)<br>Vs. )<br>)<br>SUPERIOR MOVING &<br>STORAGE, INC., )<br>)<br>Defendant. )<br>_____) | **MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER** is before the court upon defendant's Motion to Dismiss Complaint (#5). Also pending is defendant's Motion to Change Venue (#4). Plaintiffs are proceeding without counsel.

**I.     Dismissal for Procedural Default**

On July 7, 2008, the undersigned entered a Roseboro Order advising the *pro se* plaintiffs that a motion to dismiss had been filed under Rule 12(b)(6), Federal Rules of Civil Procedure, and explained that such rule provided for dismissal where a party has failed to state a cause of action as a matter of law. The court further explained that defendant had specifically argued that their claims were preempted under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Plaintiffs were advised that they had until July 21, 2008, to file a written response to defendant's motion. Plaintiffs were further advised that their legal interests would best be protected through hiring an attorney to assist them. Upon motion, plaintiffs were allowed

-1-

additional time to respond, up to and including August 22, 2008.

On August 22, 2008, plaintiff Kathy Ricci filed what she captioned as a Motion to Dismiss Without Prejudice. In such motion, such plaintiff stated as follows:

> Due to medical and household economy reasons, a request to file and continue at a latter time is needed. Not to exceed 1-year term from this date.

Docket Entry #10, at 1 (errors in the original). In response to such motion, which was not signed by plaintiff Pasquale Ricci, the court entered an Order as follows:

> Ms. Ricci is advised that this court has no authority to enlarge any deadline for the filing of a civil action, known as a "statute of limitations" deadline. It is up to plaintiff to determine when a statute of limitation is to run. Further, if plaintiff desires to take a voluntary dismissal of her action without prejudice, she may do so under Rule 41(a)(1)(A), Federal Rules of Civil Procedure, at any time prior to defendant filing an answer of moving for summary judgment by filing a "notice of dismissal without prejudice." Inasmuch as there are two plaintiffs in this matter, both plaintiffs would need to sign the notice for the entire case to be voluntarily dismissed. Finally, plaintiff is advised that if she has previously dismissed this action, a second dismissal would operate as an adjudication on the merits. Fed.R.Civ.P. 41(a)(1)(B). Plaintiffs are again advised that they need the assistance of counsel in this matter inasmuch as important legal rights are at stake.
> The court will deny plaintiff's Motion to Dismiss without prejudice as it seeks relief that this court cannot grant as a matter of law. Plaintiffs will be allowed until September 5, 2008, to either respond to defendant's Motion to Dismiss or file a notice of voluntary dismissal signed by both plaintiffs. Plaintiffs are advised that such a dismissal may operate as an adjudication on the merits if these claims were previously dismissed <u>or</u> if the statute of limitations has already run.

Order, Docket Entry #11. Despite again enlarging the deadline for the filing of response or a proper Rule 41 notice of dismissal, plaintiffs have filed no response to the defendant's Motion to Dismiss. Thus, the undersigned must respectively recommend that the Motion to Dismiss be allowed and that plaintiffs' Complaint be

dismissed with prejudice based on such default in responding.

## II. Dismissal of the Complaint as Preempted

In an abundance of caution, the undersigned has also considered the substance of defendant's motion, which seeks dismissal under Rule 12(b)(6) for failure to state a cognizable claim inasmuch as such claims are preempted under the Carmack Amendment.

### A. Standard Applicable to Rule 12(b)(6) Motions

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motion, the court has accepted as true the facts alleged by plaintiffs in the Complaint and as represented in the Response, and has viewed them in a light most favorable to plaintiffs.

**B.    Discussion**

Resolution of this dispute between plaintiffs and a household moving company is governed by the Carmack Amendment to the *Interstate Commerce Act*. 49 U.S.C. § 14706. All of plaintiffs claims in the complaint sound in state tort and contract law. As a matter of well settled law, the Carmack Amendment preempts all of plaintiffs' state law claims inasmuch as this action arises exclusively from interstate transport

services performed by defendants. As recognized by the United States Supreme Court in <u>Missouri Pacific R.R. Co. v. Elmore & Stahl</u>, 377 U.S. 134 (1964), the Carmack Amendment replaced varying state causes of action with uniform "strict liability" of carriers to shippers. To assert a prim facie case under the Carmack Amendment, all that a shipper need prove are: (1) that their goods were in good condition when delivered to the carrier; (2) the good were not delivered or delivered damages; and (3) damages in the amount of "actual loss." <u>Id.</u>, at 138. Accordingly, the Carmack Amendment <u>completely</u> preempts all state law remedies for damage or loss of goods transported in interstate commerce. <u>Shao v. Link Cargo(Taiwan) Ltd.</u>, 986 F.2d 700 (4th Cir. 1993). Plaintiffs have not asserted such a claim in their Complaint.

Thus, the only possible claim against an interstate motor carrier for loss or damage to goods during or as part of an interstate shipment of household good is a claim under the Carmack Amendment. Review of the allegations of the Complaint make it clear that the damage or loss of plaintiffs' household goods in an interstate shipment by motor carrier is the basis of all of their claims. The Carmack Amendment also applies to damage or loss that may have occurred when defendants stored plaintiff's household goods. <u>Margeston v. United Van Lines, Inc.</u>, 785 F.Supp. 917, 920 (D.N.M. 1991); I.C.R.R. § 1056.12.

Preemption of the state law in such situations is well recognized in the district. As succinctly summarized by Honorable Graham C. Mullen, then Chief Judge of this court, the Carmack Amendment preempts all state law claims:

> Circuit courts of appeals, including the Fourth Circuit, have also unanimously held that Carmack's broad scope preempts all state law

claims, whether they contradict or supplement Carmack remedies. *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir.), *cert. denied*, 522 U.S. 809, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997) ("Preempted state law claims, therefore include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims."); *Cleveland v. Beltman North American Van Lines Co., Inc.*, 30 F.3d 373, 379 (2d Cir.1994) (stating that one of the primary purposes of the Carmack Amendment is to provide uniformity in the disposition of claims brought under a bill of lading); *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 706-707 (4th Cir.1993) ("[I]f the Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment."); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-7 (5th Cir.1993) (Carmack Amendment preempted state law claims, including claims of misrepresentation, fraud, gross negligence and intentional and negligent infliction of emotional distress); *Hughes Aircraft Co. v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir.1992) ("Hughes [the shipper] wisely concede[d] that federal law preempts any state common law action against ... a common carrier."). *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th Cir.1989) ("[T]he Carmack amendment preempts state common law remedies against a carrier for negligent loss or damage to goods shipped under a proper bill of lading."); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987) ("We ... hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act ..."); *W.D. Lawson & Co. v. Penn. Central Co.*, 456 F.2d 419, 421 (6th Cir.1972) ("As to the ... issue ... [of] whether or not the Carmack Amendment preempted common law suits ... we hold that it did.")

Taylor v. Mayflower Transit, Inc., 22 F.Supp.2d 509, 510-511 (W.D.N.C. 1998). The undersigned is compelled to recommend to the district court that all of plaintiffs' state law claims be dismissed with prejudice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the Motion to Dismiss (#5) be **ALLOWED** due to plaintiffs' default in failing to properly respond within the time allowed, and that the Complaint be dismissed with prejudice; and, in the alternative

(2) the Motion to Dismiss (#5) be **GRANTED** in its entirety, and that all claims asserted herein be **DISMISSED** with prejudice as **PREEMPTED** by the Carmack Amendment; and

(3) the Motion to Change Venue (#4) be **DENIED** as moot.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: September 11, 2008

Dennis L. Howell
United States Magistrate Judge